IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MANUEL MIRANDA-BALDOVINOS, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | § 2255 ORDER AND MEMORANDUM DECISION  Civil Case No. 1:16-CV-90-TC Criminal Case No. 1:07-CR-5-TC |

Mr. Manuel Miranda-Baldovinos has filed a pro se motion under 28 U.S.C. § 2255 claiming that his sentence should be reduced as a result of the United States Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  Because, as explained below, Johnson does not affect Mr. Miranda-Baldovinos's sentence, his motion is DENIED.

Johnson v. United States

The Court in Johnson held that the residual clause defining "violent felony" in the Armed Career Criminal Act (ACCA) was unconstitutionally vague. 135 S. Ct. at 2563.  The decision retroactively applies to a person who was convicted of

having violated 18 U.S.C. § 922(g) (felon in possession of a firearm) and who had three or more previous convictions for a "violent felony" as defined by 18 U.S.C. § 924(e)(1).  See Welch v. United States, 136 S. Ct. 1257, 1268 (2016) (holding that Johnson has retroactive effect in cases on collateral review (i.e., 2255 petitions)).

### Mr. Miranda-Baldovinos's Conviction and Sentence

A grand jury charged Mr. Miranda-Baldovinos with having committed four crimes: possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a restricted person in violation of 18 U.S.C. § 922(g)(1); possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k); and illegal re-entry by a deported alien in violation of 8 U.S.C. § 1326.  He pled guilty to all four crimes.

The writer of the presentence report (PSR) enhanced Mr. Miranda-Baldovinos's offense level because Mr. Miranda-Baldovinos was a "career offender" as defined in United States Sentencing Guideline §§ 4B1.1 and 4B1.2(a)(2).  (PSR ¶ 35.)  Mr. Miranda-Baldovinos qualified as a career offender because his instant conviction was for possession of methamphetamine with intent to distribute a controlled substance offense (Count 1) and he had two prior felony convictions for controlled substance offenses.  (Id.)

He had a total offense level of 34 and a criminal history category of VI,

which produced a guideline range of 262 to 327 months.  (Id. ¶ 62.)  There were no "crime of violence" (i.e., "violent felony") enhancements in the Guideline calculations.  The court sentenced Mr. Miranda-Baldovinos to 151 months in custody followed by 5 years of supervised release.

<u>Applicability of *Johnson* to Mr. Miranda-Baldovinos's Sentence</u>

Because Mr. Miranda-Baldovinos was not charged with a violation of the ACCA, <u>Johnson</u> does not apply to his conviction.

Mr. Miranda-Baldovinos's career offender status under Guideline § 4B1.1 could potentially qualify him for a sentence reduction.  But only if his status as a career offender was based on former convictions for "crimes of violence."  <u>See United States v. Madrid</u>, 805 F.3d 1204, 1211 (10th Cir. 2015) (extending the decision in <u>Johnson</u> to the sentencing guidelines).  In <u>Madrid</u>, the Tenth Circuit Court of Appeals found that the residual clause of § 4B1.2(a)(2), which was worded exactly the same as the unconstitutional residual clause in the ACCA and which defined the term "crime of violence" used in § 4B1.1 of the Guidelines, was unconstitutionally vague.  <u>Id.</u> at 1210.  But Mr. Miranda-Baldovinos's sentence was not enhanced for a crime of violence under § 4B1.1 and § 4B1.2(a)(2).  He received the § 4B1.1 enhancement because of his prior drug convictions.  Accordingly, <u>Johnson</u> does not extend to his sentence either.

**ORDER**

Because nothing in the <u>Johnson</u> holding has any bearing on Mr. Miranda-Baldovinos's conviction or sentence, his petition is **DISMISSED.**

DATED: November 3, 2016.

_____
TENA CAMPBELL
United States District Court Judge